# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. JENKINS, | CASE NO. 1:10-cv-00960 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| J. URBINA, et al., | (ECF No. 1) |
| Defendants. | |

## Screening Order

**I.  Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Ironwood State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at Kern Valley State Prison in Delano. Plaintiff names Correctional Officer J. Urbina and Appeals Coordinator D. Tarnoff. The events at issue occurred while Plaintiff was housed at Kern Valley. Plaintiff sets forth claims of deprivation of property, equal protection violation, and First Amendment violation.

Plaintiff alleges that on October 18, 2009, he was placed in Administrative Segregation (AdSeg), and therefore separated from his property. C/O Urbina packed and inventoried Plaintiff's property, and asked Plaintiff to sign the inventory form. Plaintiff refused to sign the form "due to the fact that Jenkins knew by reading the form that there was property not recorded properly on the said form."

Plaintiff was released from AdSeg on March 15, 2010. Two days later, when he received his property, he discovered that certain items of his property were missing. Plaintiff made "several" informal attempts to get his property back, and finally filed an inmate grievance on March 28, 2010. Appeals Coordinator Tarnoff screened out the appeal as untimely. The regulations require an appeal to be filed within fifteen days. Plaintiff alleges that Tarnoff "acted outside of his/her authority" in screening out Plaintiff's appeal, as it was filed eleven days after March 17, 2010, the date that

Plaintiff discovered that his items were missing.

Plaintiff re-submitted his grievance, indicating that he was indeed within the appropriate time frame. Tarnoff again screened out the appeal as untimely. Plaintiff contends that Tarnoff's actions "can only be construed as a dereliction of duty, an intentional obstruction of justice, an intentional obstruction of Jenkins right to seek redress, an obstruction whether intentional or not."

Plaintiff is of Native American descent. Plaintiff alleges that part of the property that was unlawfully confiscated consisted of spiritual items - beads, beading needles, beading thread, feathers, leather, eagle war choker, and 2 medicine bags.

### A.  Property

Where a prisoner challenges the deprivation of a liberty or property interest, caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 129-30 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam); Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991); Taylor v. Knapp, 871 f.2d 803, 805 (9th Cir. 1989). This rule applies to the Fifth Amendment's Due Process Clause as well. Raditch, 929 F.2d at 481. Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). Here, Plaintiff has not alleged any facts which suggest that the deprivation of his personal property was "authorized" under the definition above. Plaintiff specifically alleges that the conduct was unconstitutional, and performed with the knowledge that it was improper. The court therefore construes this action as one for an unauthorized, intentional deprivation of property.

Whether the cause of the property loss was intentional and unauthorized or negligent, Due Process is satisfied if there is a meaningful postdeprivation remedy available to Plaintiff. Hudson, 468 U.S. at 533. Plaintiff has an adequate post-deprivation remedy available under California law. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994)(citing Cal. Gov't Code §§ 810-895).

Therefore, Plaintiff has failed to state a cognizable claim.

### B. Equal Protection

"The Equal Protection Clause of the Fourteenth Amendment commands that no state shall 'deny to any persons within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). The "purpose of the equal protection clause of the Fourteenth Amendment is to secure to every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its own improper execution through duly constituted agents." Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 445 (1923).

A section 1983 plaintiff alleging an equal protection violation must prove that: (1) the defendants treated plaintiff differently from others similarly situated; (2) the unequal treatment was based on an impermissible classification; (3) the defendants acted with discriminatory intent in applying this classification; and (4) plaintiff suffered injury as a result of the discriminatory classification. Moua v. City of Chico, 324 F.Supp.2d 1132, 1137 (E.D. Cal. 2004); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)(a section 1983 plaintiff alleging denial of equal protection "must show that the defendants acted with an intent or purpose to discriminate against plaintiff based on membership in a protected class."); Van Pool v. City and County of San Francisco, 752 F.Supp. 915, 927 (N.D. Cal. 1990)(section 1983 plaintiff must prove purposeful discrimination by demonstrating that he "receiv[ed] different treatment from that received by others similarly situated," and that the treatment complained of was under color of state law).

Here, Plaintiff asserts the conclusory statement that his property was confiscated because of his Native American ancestry. Plaintiff's equal protection claims fail because Plaintiff has failed to identify others who were treated differently under the regulations. See Christian Gospel Church, Inc., v. City and County of San Francisco, 896 F.2d 1221, 1226 (9th Cir. 1990)('[Any] equal protection argument requires the existence of at least two classifications of persons which are treated differently under the law." (internal quotation marks and citation omitted)).

///

### C. First Amendment

Plaintiff contends that Tarnoff's action in screening out his prison grievance deprived him of his right to petition for redress of grievances. There is no liberty interest in a prison grievance procedure as it is a procedural right only. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley, 997 F.2d at 495. Nor does Plaintiff have a constitutionally protected right to have his appeals accepted or processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann, 855 F.2d at 640.

Further, actions in reviewing an inmate grievance alone are not sufficient to demonstrate liability under § 1983. "Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation." Ellington v. Clark, 2010 WL 3001427, (E.D. Cal. July 29, 2010) citing George v. Smith, 507 F.3d 604, 609 (7th Cir. 2007). For a supervisory defendant to be liable, there must be either personal involvement or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001) (per curiam)(citing Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)(en banc)). Tarnoff can not therefore be held liable, as the only conduct charged to him is his participation in the grievance process.

### III. Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be

[sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send to Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 7, 2013**           /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE