UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN C. JENKINS, | 1:10-cv-00960-GSA-PC |
| Plaintiff, | ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER § 1983 |
| vs. | |
| J. URBINA, et al., | (Doc. 15.) |
| Defendants. | ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE STRIKES" PROVISION OF 28 U.S.C. § 1915(g) |
| | ORDER DIRECTING CLERK TO CLOSE CASE |

**I.       BACKGROUND**

Steven C. Jenkins ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on May 27, 2010. (Doc. 1.)

On June 11, 2010, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

The court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on March 7, 2013, dismissing the Complaint for failure to state a claim, with leave to file an amended complaint. (Doc. 11.) On April 12, 2013, plaintiff filed the First Amended Complaint, which is now before the court for screening. (Doc. 15.)

## II.   SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff is presently incarcerated at Calipatria State Prison in Calipatria, California. The events at issue in the First Amended Complaint allegedly occurred at Kern Valley State

Prison in Delano, California, when Plaintiff was incarcerated there. Plaintiff names one defendant, Correctional Officer J. Urbina. Plaintiff's factual allegations follow.

On October 18, 2009, Plaintiff was placed in administrative segregation (Ad-Seg) and physically separated from his property valued at approximately $1,006.00. Plaintiff's cell was searched, and defendant J. Urbina packed and inventoried Plaintiff's property, which included some Native American items such as beads, sewing needles, choker, and feathers. Defendant Urbina then asked Plaintiff to sign a Property Inventory Slip. Plaintiff refused because the list did not include all of his property.

Plaintiff was released from Ad-Seg on March 15, 2010. Two days later, Plaintiff received his property and discovered that a large amount of his property was missing. Plaintiff contends that there was $1,006.00 worth of property missing, and that the property was in his cell prior to the search. Plaintiff contends that it was purposely destroyed by defendant Urbina. Plaintiff made several informal attempts to retrieve his property, without success. On March 28, 2010, Plaintiff filed an inmate grievance that was screened out by Appeals Coordinator D. Tarnoff (not named as a defendant), stating that the appeal was time-barred. Plaintiff re-submitted the grievance, protesting that the grievance was not filed late, and it was again screened out as time-barred and not worthy of her time.

Plaintiff requests monetary damages and declaratory relief.

### IV.  PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the

///

deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44).

### A. Due Process Claim – Deprivation of Personal Property

The Due Process Clause of the Fourteenth Amendment protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of an interest for which the protection is sought.

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). However, while an authorized, intentional deprivation of property is actionable under the Due Process Clause, see Hudson v. Palmer, 468 U.S. 517, 532, n.13, 104 S.Ct. 3194 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36, 102 S.Ct. 1148 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985), "[a]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available," Hudson, 468 U.S. at 533.

California Law provides an adequate post-deprivation remedy for any property deprivations. See Cal. Gov't Code §§ 810-895; Barnett v. Centoni, 31 F.3d 813, 816-17 (9th

Cir. 1994). California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2006). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245, 90 P.3d 116, 124, 13 Cal.Rptr.3d 534, 543 (2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. State v. Superior Court, 32 Cal.4th at 1245, 90 P.3d at 124, 13 Cal.Rptr.3d at 543; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988).

Plaintiff alleges that C/O Urbina improperly confiscated his personal property, which indicates that the deprivation of property was intentional and unauthorized. Thus, Plaintiff's remedy would be found under California law. Plaintiff fails to show compliance with the California Tort Claims Act, and therefore his property claim is not cognizable under federal or state law. Therefore, Plaintiff fails to state a claim for violation of due process.

**B.    Equal Protection**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendant intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564, 120 S.Ct. 1073

///

(2000); <u>Lazy Y Ranch Ltd. v. Behrens</u>, 546 F.3d 580, 592 (9th Cir. 2008); <u>North Pacifica LLC v. City of Pacifica</u>, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff alleges that "others similarly situated" have had their property returned to them under the same or identical circumstances. (First Amd Cmp, Doc. 15 at 6 ¶3.1.) Plaintiff is of Native American heritage, and he claims that because his Native American property was purposely destroyed, this shows that Defendant acted intentionally to discriminate against Plaintiff "based on his membership in a protected class (Native Americans)." (<u>Id.</u> ¶3.2.) Plaintiff also alleges that he has rights under federal treaties to have his heritage protected. Plaintiff states that he hopes to produce affidavits by other prisoners during discovery, stating that they heard Defendant make discriminatory remarks against Indians on the date of the event.

Plaintiff claims he was discriminated against. However, Plaintiff has not alleged any facts demonstrating that he was intentionally discriminated against on the basis of his membership in a protected class, or that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Plaintiff's allegations of discrimination are vague and conclusory, which is not sufficient to state a claim. "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." <u>Barren v. Harrington</u>, 152 F.3d 1193, 1194 (9th Cir. 1998). Therefore, Plaintiff fails to state a claim for relief for violation of his right to equal protection.

### C. Religious Rights

Plaintiff alleges that defendant Urbina denied Plaintiff his religious rights when he confiscated Plaintiff's property which included Native American items such as beads, sewing needles, choker, and feathers.

#### 1. RLUIPA

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

///

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution. . . , even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person–
>
> (1) is in furtherance of a compelling government interest; and
>
> (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1. To state a RLUIPA claim, a plaintiff must allege facts demonstrating that a defendant substantially burdened the exercise of his religious beliefs. Warsoldier v. Woodford, 418 F.3d 989, 994-95 (9th Cir. 2005). In any RLUIPA claim, one must first identify the "religious exercise" allegedly impinged upon, and then must ask whether the prison regulation at issue "substantially burdens" that religious exercise. Greene v. Solano County Jail, 513 F.3d 982, 987 (9th Cir. 2008).

Here, Plaintiff alleges that C/O Urbina confiscated all of his property from his cell, including some Native American items used in religious practice. Plaintiff has not explained how the items are used for religious practice, nor has he alleged any facts suggesting that the deprivation of these items substantially burdened his ability to practice his religion.

Based on the foregoing, the court finds that Plaintiff fails to state a claim for relief under RLUIPA.

### 2. **First Amendment**

The First Amendment to the United States Constitution provides that "Congress shall make no law respecting the establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I. Prisoners "retain protections afforded by the First Amendment," including the free exercise of religion. O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987). However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Id. (quoting Price v. Johnson, 334 U.S. 266, 285 (1948)).

The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), *overruled in part by* Shakur, 514 F.3d at 884-85. "In order to establish a free exercise violation, [a prisoner] must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests." Freeman, 125 F.3d at 736. "In order to reach the level of a constitutional violation, the interference with one's practice of religion 'must be more than an inconvenience; the burden must be substantial and an interference with a tenet or belief that is central to religious doctrine.'" Freeman, 125 F.3d at 737 (quoting Graham v. C.I.R., 822 F.2d 844, 851 (9th Cir. 1987)).

Here, as in Plaintiff's RLUIPA claim, Plaintiff fails to allege any facts indicating that he was substantially burdened in his religious practice. Plaintiff fails to indicate whether he was permanently or temporarily deprived of his religious items. An allegation that Plaintiff was temporarily deprived of a religious item or practice, with nothing more, fails to state a claim for relief. Plaintiff has not alleged facts indicating that he sincerely adheres to and practices a Native American religion, nor does he indicate that the deprivation of the Native American items substantially affected his ability to practice his religion. Therefore, Plaintiff fails to state a claim for violation of his First Amendment rights to exercise his religion.

## V. CONCLUSION AND ORDER

The Court finds that Plaintiff's First Amended Complaint fails to state any claims upon which relief can be granted under § 1983 against any defendant. In this action, the court previously granted Plaintiff an opportunity to amend the complaint, with ample guidance by the court. Plaintiff has now filed two complaints without alleging facts against any defendant which state a claim under § 1983. The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY ORDERED** that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED with prejudice for failure to state a claim upon which relief may be granted under § 1983;
2. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **November 22, 2013**               **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE